Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | Sidney I. Schenkier |
|---|---|---|---|
| **CASE NUMBER** | 02 C 427 | **DATE** | 6/19/2002 |
| **CASE TITLE** | Gregory Miles vs. WTMX Radio Network, *et al.* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER REPORT AND RECOMMENDATION.** The Court finds that none of the defendants has been formally served as required by the rules, and that only one defendant - - Boogie Night Club has waived any defect in service. The Court respectfully recommends that no default judgment be entered and that a schedule be set (as described herein) for plaintiff to obtain waivers of formal service and, if such waivers are not obtained to formally serve the remaining defendants. Specific written objections to this Report and Recommendation may be served within ten business days from the date that this order is served. Fed.R.Civ.P.72(a). Failure to file objections with the district court within the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this Court in the Report and Recommendation. See *Video Views, Inc. v. Studio Twenty-One, Ltd.* 797 F.2d 538, 539, 7th Cir. 1986. All matters subject to the 06/07/02 referral having been concluded, the 06/07/02 referral is hereby terminated.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | *number of notices* | |
| ✓ | Notices mailed by judge's staff. | | JUN 2 0 2002 | |
| | Notified counsel by telephone. | U.S. DISTRICT COURT CLERK | date docketed | 32 |
| | Docketing to mail notices. | 02 JUN 19 PM 2:54 | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| ✓ | Copy to judge/magistrate judge. | FILED | 6/19/2002 date mailed notice | |
| JJK | courtroom deputy's initials | Date/time received in central Clerk's Office | JJK mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY MILES, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | No. 02 CV 427 |
| | ) ) | District Judge Shadur |
| WTMX RADIO NETWORK, DAVE FOGEL an individual, BOOGIE NIGHT CLUB, a dance establishment, CERMACK MEDICAL CENTER, Health Services, CHICAGO POLICE DEPARTMENT, and COOK COUNTY JAIL, | ) ) ) ) ) ) ) | Magistrate Judge Schenkier |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION**

On January 17, 2002, plaintiff filed this *pro se* action asserting various federal law and supplemental state law claims against a number of defendants: the Chicago Police Department, Cook County Jail, Cermack Medical Center, Boogie Night Club, WTMX Radio Network, and Dave Fogel. On January 24, 2002, the case was referred to this Court for handling of discovery motions, discovery supervision, and status hearings as necessary to advance the case to trial (Doc # 2).

Thereafter, according to sworn proofs of service, on February 3, 2002, the plaintiff sent to each defendant by United States mail a complaint and summons along with proof of service. Plaintiff also has filed returns of service for each defendants. One defendant, Boogie Night Club, did not object to service by this method. On March 21, 2002, Boogie Night filed its appearance (Doc. # 3), and thereafter, on May 22, 2002, filed a motion for summary judgment (Doc. # 21).

The sufficiency of service on the other defendants remains in dispute, and is the matter that now brings the case before this Court. On June 6, 2002, the district judge issued a new referral,

asking this Court to "sort out service in this case and to decide whether or not plaintiff should receive judgment" (Doc. # 27).[1] Two defendants, WTMX and Mr. Fogel, have moved to dismiss plaintiff's complaint, or in the alternative to quash service, on the ground that sending the summons and complaint by mail failed to comply with the service requirements of Federal Rules of Civil Procedure (Doc. # 8). At the time of this referral, the other three defendants – the Chicago Police Department, Cook County Jail and Cermack Medical Center – had not appeared or otherwise responded to the complaint, which led the plaintiff to move for default judgments against the Chicago Police Department (Doc. # 15) and Cermack Medical Center (Doc. # 16). (Since that time, attorneys have appeared on behalf of Cook County Jail and Cermack Medical Center (Doc. # 29), but not on behalf of the Chicago Police Department). Plaintiff has not sought a default judgment against Cook County Jail.

For the reasons set forth below, the Court finds that plaintiff has not served the Chicago Police Department, Cook County Jail, Cermack Medical Center, WTMX or Mr. Fogel in conformance with Rule 4 of the Federal Rules of Civil Procedure, or obtained a waiver of formal service from these defendants. Accordingly, the Court recommends that judgment not be granted in favor of plaintiff and against any of these defendants at this time. However, the Court also recommends that the request by WTMX and Mr. Fogel to dismiss the complaint be denied, and that pursuant to Rule 4(m), the district judge extend the time for plaintiff to serve all defendants who

---

[1]The district judge then presiding – Judge Plunkett – also entered an order (Doc. # 25) continuing, until further notice, WTMX's and Fogel's motion to dismiss or to quash service (Doc. # 8); plaintiff's "combination motion" for summary judgment against WTMX, Mr. Fogel and Boogie Night (Doc. # 14); plaintiff's motions for default judgments against the Chicago Police Department and Cermack Medical Center (Doc. ## 15-16); plaintiff's motion for entry of judgment under Rule 54(b) of the Federal Rules of Civil Procedure against the Cermack Medical Center and the Chicago Police Department (Doc. ## 18-19); and Boogie Night's motion for summary judgment (Doc. # 21). The case thereafter was reassigned to Judge Shadur (Doc. # 28), who now is the presiding district judge in the case.

have not yet waived any issues concerning the adequacy of service. The reasons for these findings and recommendations are set forth below.

I.

We begin with the question of service on the governmental defendants: the Chicago Police Department, Cook County Jail, and Cermack Medical Center. As recited above, the plaintiff has stated on oath that he sent the summons and complaint by the United States mail to each of those governmental entities. None of the proofs of service identify the name of a person at any of those governmental entities to whom the mailing was directed.

In addition, plaintiff has filed returns of service on each of these defendants: on May 2, 2002, plaintiff filed a return of service as to the Chicago Police Department and Cook County Jail (Doc. # 13); on May 29, 2002, plaintiff filed a return of service as to Cermack Medical Center (Doc. # 20). Each of those returns of service indicate that the particular defendant was served personally. However, attached to each return of service is a receipt indicating that service was made by certified mail. In the case of the Chicago Police Department and Cook County Jail, there is no signature indicating that the mailing was delivered or received by anyone on behalf of those defendants. With respect to Cermack Medical Center, the receipt indicates that someone signed for the package on behalf of Cermack Medical Center on March 7, 2002, but there is no indication as to the job position held by the individual signing the receipt.

Rule 4(j)(2) provides that "[s]ervice upon a state, municipal corporation, or other governmental organization subject to suit, shall be effected by delivering a copy of summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summon or other like process upon any

3

such defendant." Under the law of Illinois (the state in which this Court is located), service may be made on a governmental entity by leaving a copy "with the president or clerk or other officer corresponding thereto." 735 ILCS 5/2-211. Plaintiff's mailings here failed to comply with the methods of service provided in Rule 4(j)(2) in several ways.

To begin with, by requiring that the summons and complaint be "deliver[ed]," Rule 4(j)(2) requires personal service. Sending the documents by mail will not suffice. A main purpose of the procedure set forth in Rule 4(d)(2) for using the mails to seek a waiver of formal service is "to eliminate the costs of service of a summons." *See* Advisory Committee Notes to 1993 Amendment to Fed. R. Civ. P. 4. There would be little in the way of costs to eliminate if service routinely could be made simply by mailing the summons and complaint. Indeed, the advisory committee notes to the 1993 amendments point out that the language used in the previous version of the this rule "misled some plaintiffs into thinking that service would be effected by mail without the affirmative cooperation of the defendant" -- which is further evidence that service by mail is insufficient if the defendant objects. And, indeed, the case law holds that sending the summons and complaint by mail does not satisfy the requirement of "deliver." *See Dunmars v. City of Chicago*, 22 F. Supp. 2d 777, 781 (N.D. Ill. 1998) (service by certified mail does not satisfy Rule 4(j)); *see also Robbins v. Brady*, 149 F.R.D. 154, 155 (C.D. Ill. 1993)(collecting cases).

Moreover, plaintiff failed to send the summons and complaint to the "chief executive officer" of the Chicago Police Department, Cook County Jail or Cermack Medical Center as required under federal law, or to the president or clerk or other similarly high-ranking officer as required by Illinois law. There is no indication of the identity of the person to whom the mailings were directed; there is no indication of the name of any person who received the mailing on behalf of Cook County Jail

4

or the Chicago Police Department; and there is no indication that the person who signed on behalf of Cermack Medical Center held a position authorizing that person to accept service on behalf of a governmental entity.

To the extent that plaintiff might argue that the mailing of the complaint and summons was a request for waiver of formal service to which these governmental defendants were obliged to agree, any such argument must fail. Rule 4(d)(2) sets forth a procedure for asking defendants to waive formal service and provides that a defendant who refuses to provide a waiver without good cause must bear the costs of effecting formal service. However, Rule 4(d)(2) provides that this procedure applies only to individuals, corporations or associations, as defined in Rule 4(e) (governing service upon individuals within a judicial district of the United States), Rule 4(f) (governing service upon individuals in a foreign country) and Rule 4(h) (governing service upon corporations and associations.) The waiver of service procedure set forth in Rule 4(d)(2) does *not* apply to governmental entities, who must be served pursuant to the procedures set forth in Rule 4(j). *See* Advisory Committee Notes to 1993 Amendment to Rule 4 ("The United States is not expected to waive service for the reason that its mail receiving facilities are inadequate to assure that the notice is actually received by the correct person in the Department of Justice. The same principle is applied to agencies, corporations and officers of the United States and to other governments and entities subject to service under subdivision (j)"); C. WRIGHT AND A. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d §1092.1, at 8 (1998 Supp.) ("[w]aiver of service may not be requested of the United States and its governmental agencies, of foreign, state or local governments, or of infants or incompetent persons").

For the foregoing reasons, the Court finds that neither the Chicago Police Department, Cook County Jail, nor Cermack Medical Center has been properly served as required by Rule 4(j)(2). We note that on June 12, 2002, subsequent to the referral of the motions relating to the service issues, Cook County Jail and Cermack Medical Center filed an appearance and a motion to vacate "technical" defaults and for additional time to respond to the complaint (by answer or dispositive motion). The Court convened a hearing on that motion on June 19, 2002. At that time, counsel for Cook County Jail and Cermack Medical Services withdrew the motion insofar as it sought to vacate defaults, because no defaults have been entered. Counsel for those defendants also indicated that at this time, Cook County Jail and Cermack Medical Center do not waive any issues concerning the adequacy of service. Accordingly, the Court respectfully recommends that plaintiff's motion for default judgments or Rule 54(b) judgments against the Chicago Police Department and Cook County Jail be denied (no such motion has been filed against Cermack Medical Center).

## II.

We now turn to the question of service on the corporate defendants, WTMX and Boogie Night. Plaintiff has submitted sworn proofs of service indicating that he mailed the summons and complaint to Boogie Night Club and WTMX on February 3, 2002. Neither proof of service identifies a person to whom the mailing was directed. In addition, on May 2, 2002, plaintiff filed a return of service as to Boogie Night Club (Doc. # 13), and on May 29, 2002, filed a return of service as to WTMX (Doc. # 17). Those returns of service indicate that Boogie Night and WTMX each was personally served. But attached to each return of service is proof of a certified mailing to Boogie Night and WTMX. Neither signature on the certified mail receipt is legible; neither receipt

set forth the printed name of the person who signed for the mailing; and neither receipt identifies the employment capacity of the person who signed for the mailing.

Service upon a corporation or association is governed by Rule 4(h), which provides - - as relevant here - - that service may be made on a corporation within the judicial district in one of two ways. *First*, service may be made "in the manner prescribed for individuals under subdivision (e)(1)." *Second*, service may be made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant, . . .."

If the plaintiff attempted to effect service by delivering the summons and complaint to an officer, managing or general agent, or other agent authorized to receive process, he failed. As explained above, a mailing does not constitute "delivery" as required by Rule 4. Moreover, the certified mail receipt does not contain a legible signature or printed name identifying who received the mailing for Boogie Night or for WTMX; nor does it provide any indication of the signatories' respective positions with each defendant, so that the Court could determine whether they hold positions that would qualify them person as agents authorized to receive service of process. And, that is not surprising, inasmuch as plaintiff's mailing was not directed to any specific person at Boogie Night or WTMX authorized to receive service of process; indeed, it was not directed to any named individual at Boogie Night or WTMX at all.

To the extent that plaintiff sought to serve these defendants in the manner prescribed by Rule 4(e)(1), he failed to do so. Rule 4(e)(1) states that service may be made "pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of the

summons upon defendant in an action brought in the courts of general jurisdiction of the State." Under the law of Illinois, which is the state in which this district court is located, service on a corporation may be made "by leaving a copy of the process with its registered agent or any officer or agent of the corporation found anywhere in the State," or "in any other manner now or hereafter permitted by law." 735 ILCS 5/2-204. Plaintiff's action in merely placing the summons and complaint in the mail to be delivered to the corporate entities, without identifying any particular individual to receive the mailing, fails to meet this first standard. While Illinois law provides for service by publication or mailing in certain limited situations, *see* 735 ILCS 5/2-206, those situations are not present here. As for the provision allowing service "in any other manner now or hereafter permitted by law," this section was enacted to "eliminate possible conflicts with other statutes providing for service of process." *Van Der Molen Disposal Co. v. Western Bearings Corp.*, 261 N.E. 2d 759, 760 (Ill.App. 1st Dist. 1970). But, as explained above, we find no other provision of Illinois law that authorizes service on corporations in Illinois in the manner utilized by plaintiff.

To the extent that plaintiff's mailing constituted a request for waiver of service under Rule 4(d), the mailing failed to comply with the requirements of that rule. *First*, plaintiff's mailing was not addressed to "an officer or managing or general agent (or other agent authorized by appointment or law to receive service of process)" of Boogie Night or WTMX, as required by Rule 4(d)(2)(A) when a waiver of service is requested of a corporation or association. As the Advisory Committee Notes to the 1993 Amendments make clear, "[t]he general mail rooms of large organizations cannot be required to identify the appropriate individual recipient for an institutional summons."

*Second*, when requesting a waiver of formal service, a plaintiff is required to inform the defendant, "by means of a text prescribed in an official form promulgated pursuant to Rule 84, of

8

the consequences of compliance and of a failure to comply with the request." Rule 4(d)(2)(D). The official form promulgated pursuant to Rule 84 is found at Form 1(A) in the Appendix of Forms to the Federal Rules of Civil Procedures; Form 1(B) is the actual waiver of service of summons to be executed by the defendant. Plaintiff's proofs of service indicate that he sent a copy of the complaint and summons; there is no indication that plaintiff served either Boogie Night or WTMX with a request for a waiver of service of summons as required by Rule 4(d)(2)(D).

*Third*, there is no indication that plaintiff included in the mailing a prepaid means for the defendant to comply with any requests for a waiver, as required by Rule 4(d)(2)(G).

In the Court's view, all of these deficiencies have been rendered moot as to Boogie Night because Boogie Night has elected to ignore these deficiencies, to appear in the case without reservation, and to file a motion for summary judgment which does not challenge service. However, these deficiencies remain significant as to WTMX, which has filed a motion challenging service. Indeed, even if plaintiff had met all the requirements for seeking a waiver of service by WTMX, WTMX was not obliged to waive formal service. WTMX would have the right to decline the request for a waiver, with the risk that the Court later would impose costs of formal service on WTMX if it found WTMX had failed to show good cause for refusing the request for a waiver. And, WTMX has made clear it has not waived formal service (*see* Aff. of B. James, April 16, 2002, ¶ 5).

Accordingly, the Court finds that plaintiff has not effected service on Boogie Night or WTMX as required by Rule 4. The Court finds that Boogie Night has waived the defects in service by appearing without reservation, by filing a motion for summary judgment on the merits, and by failing to raise any challenge to service. The Court further finds that WTMX has not waived formal

service of process (and that plaintiff has not properly sought a waiver of formal service in the manner required by Rule 4(d)(2)).

### III.

We now address the question of service on Mr. Fogel. As with the other defendants, plaintiff has provided a proof of service indicating that he mailed the complaint and summons to Mr. Fogel on February 3, 2002. On June 7, 2002, plaintiff filed a return of service on Mr. Fogel (Doc. # 26). Like the other returns of service, the return as to Mr. Fogel states that there was personal service made, but the attachments indicate that the service was by mail and was received by Dale King on March 11, 2002. Mr. Fogel has submitted an attachment that does not identify King, but that denies that Mr. Fogel was personally served - - and denies that he has waived formal service (Aff. of D. Fogel, April 15, 2002, ¶¶ 3, 5).

Under Rule 4(e), service on an individual within this judicial district may be made in one of two ways. *First*, service may be made pursuant to the law of the state in which the district court is located (here, Illinois) or where service is effected. As relevant here, under Illinois law service may be made on individuals "by leaving a copy . . . with the defendant personally, . . . by leaving a copy at the defendant's usual place of abode, with some person of the family, of the age of 13 years or upwards, and informing that person of the contents thereof, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode." 735 ILCS 5/2-203(a). *Second*, service may be made by delivering the summons and the complaint to the individual personally or by leaving copies of the summons and complaint at "the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by

delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process."

Plaintiff's mailing to Mr. Fogel failed to meet these requirements for service of process. A copy of the complaint and summons was not delivered to or left with Mr. Fogel personally; as explained above, under federal law a mailing does not constitute "delivery." We believe the same is true under a common sense reading of Section 5/2-203(a). That section requires that if service is made by leaving a copy of the summons at the defendant's usual place of abode, a separate copy of the summons also must be mailed to the defendant. This latter requirement would be unnecessary if the requirement of "leaving" the summons with the defendant "personally," or at the defendant's abode, could be met simply by a mailing. Moreover, plaintiff's return of service shows that the mailing that the mailing that contained the summons and complaint was not accepted by Mr. Fogel, but by some other person - - Dale King.

In addition, we have not received any proof that the complaint and summons were left at Mr. Fogel's "dwelling house" or "usual place of abode. "To the contrary, the fact that service to Mr. Fogel was made at One Prudential Plaza, Suite 2700, which is the same address as provided for WTMX on the summons, suggests that the complaint and summons was sent to Mr. Fogel's work place. And, even if the One Prudential Plaza address was Mr. Fogel's dwelling or place of abode, there is evidence that the complaint and summons were not left with "some person at the family, of the age of 13 years or upwards" who was informed of their contents (as required by Illinois law), or to someone of "suitable age and discretion" residing with Mr. Fogel or who may be authorized to receive the summons and complaint (as required by federal law).

Nor did the mailing to Mr. Fogel constitute a request for waiver of service in compliance with Rule 4(d)(2). In particular, there is no indication that plaintiff sent to Mr. Fogel Form 1A or 1B, advising him of the consequences of complying or failing to comply with the request for waiver, as required by Rule 4(d)(2)(D), or a prepaid means of compliance in writing, as required by Rule 4(d)(2)(G). And, even had the plaintiff made a request for a waiver of service in compliance with Rule 4(d)(2), Mr. Fogel has indicated that he does not waive formal service.

Accordingly, the Court finds that plaintiff has not properly served Mr. Fogel with summons and the complaint in compliance with Rule 4(e); that he has not sought a waiver of service in compliance with Rule 4(d)(2); and that Mr. Fogel has not waived formal service.

## IV.

We now turn to the consequences of plaintiff failing to properly serve the Chicago Police Department, Cook County Jail, Cermack Medical Center, WTMX and Mr. Fogel, or to have those defendants waive formal service. WTMX and Mr. Fogel argue that under Rule 12(b)(5), the complaint should be dismissed for insufficiency of service of process. In the alternative, if the complaint is not dismissed, WTMX and Mr. Fogel seek to have service quashed. The governmental defendants have not responded to the complaint in any way, and thus have not expressed any view as to the consequences of plaintiff's failure to achieve service as of this time.

Under Rule 4(m), service of the summons and complaint is to be made on a defendant within 120 days after the filing of the complaint. In this case, plaintiff filed his complaint on January 17, 2002; the 120-day period thus passed as of May 17, 2002. Under Rule 4(c), it is the responsibility of the plaintiff to see to it that the summons and complaint are served within the time period allotted under Rule 4(m). If that time period is not met, Rule 4(m) states that the Court "shall dismiss the

action without prejudice . . . or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." In light of plaintiff's status as a *pro se* litigant in this case, the Court respectfully recommends that there is good cause to extend the period for service rather than to dismiss the action. The Court further recommends that the following procedure be put into place to insure that all service issues will be resolved without undue delay.

*First*, the Court recommends that Cook County Jail, Cermack Medical Center, WTMX and Mr. Fogel be given a period of 20 days from the date of this order to indicate in writing whether they will require formal service of the summons and complaint, and if so, what good cause they assert for failing to waive formal service. As is evident from their motion to dismiss or to quash, WTMX and Mr. Fogel have had notice of the complaint and summons for some time. By virtue of the appearance of counsel, it likewise is clear that Cook County Jail and Cermack Medical Center have received the summons and complaint. In these circumstances, the Court believes it is fair to require these defendants to state whether they will waive formal service, and if not, why not.

*Second*, within 45 days from the date of this order, the plaintiff either must find a process server qualified under Rule 4(c)(2) (that is, a person who is not a party in this case and who is at least 18 years of age), or must request that the Court direct the United States Marshal to make service on the governmental defendants (the Chicago Police Department, which has not appeared through counsel, and Cook County Jail and Cermack Medical Center, which have done so), WTMX and Mr. Fogel if they fail to waive formal service of process.

*Third*, the Court recommends that plaintiff be given 90 days from this date to serve all defendants. The Court further recommends that if service is not formally waived or made by that

13

time, that any defendant who has not been served or has not waived service be dismissed from the case.

## CONCLUSION

For the foregoing reasons, the Court rules as follows:

1. Plaintiff has not effected service of summons and the complaint on any of the defendants in the manner required by Rule 4 of the Federal Rules of Civil Procedure.

2. Plaintiff has not made a request for waiver of formal service of process, in the manner required by Rule 4(d)(2) of the Federal Rules of Civil Procedure, as to defendants Boogie Night, WTMX, and Mr. Fogel, who are the only defendants to whom a request for waiver of service under Rule 4(d)(2) can be made. By its conduct, defendant Boogie Night Club has waived formal service of process; however, none of the other defendants has waived service of process.

3. Because the Chicago Police Department, Cook County Jail, Cermack Medical Center, WTMX and Mr. Fogel have not been formally served in the manner required by the rules and have not waived service of process, the Court respectfully recommends that no default judgments be entered against any of them. Thus, the Court recommends that plaintiff's motions for default and Rule 54(b) judgment against the Chicago Police Department and Cook County Jail (Doc. ## 15-16, 18-19) be denied. No motion for default has been filed against other defendants.

4. The Court respectfully recommends that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the district judge extend for a period of 90 days the time for plaintiff to serve defendants Chicago Police Department, Cook County Jail, Cermack

Medical Center, WTMX and Mr. Fogel, or to obtain from those defendants a written waiver of formal service of the summons and complaint. The Court respectfully recommends that at the end of the 90-ay period, the district judge dismiss the complaint against any of those defendants who either have not been formally served with the summons and complaint, or have declined to waive formal service of the summons and complaint.

Specific written objections to this Report and Recommendation may be served within ten business days from the date that this order is served. Fed.R.Civ.P. 72(a). Failure to file objections with the district court within the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this Court in the Report and Recommendation. See *Video Views, Inc. v. Studio Twenty-One, Ltd.* 797 F.2d 538, 539, 7th Cir. 1986.

**ENTER:**

*/s/ Sidney I. Schenkier*
Sidney I. Schenkier
**United States Magistrate Judge**

**Date: June 19, 2002**