Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 427 | **DATE** | 6/24/2002 |
| **CASE TITLE** | Gregory Miles vs. WTMX Radio Network, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Unless on or before July 15, 2002 Miles were to file an appropriate Amended Complaint (without any need to provide copies of any already-submitted exhibits) in this Court's chambers, both the Complaint and this action will be dismissed, but without prejudice to Miles' possible assertion in a state court of competent jurisdiction of any claims that he may legitimately have.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUN 25 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 33 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 6/24/2002 | |
| | | 02 JUN 25 AM 7:37 | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

GREGORY MILES,                    )
                                  )
                 Plaintiff,       )
                                  )
      v.                          )    No.  02 C 427      JUN 2 5 2002
                                  )
WTMX RADIO NETWORK, et al.,       )
                                  )
                 Defendants.      )
```

MEMORANDUM OPINION AND ORDER

This pro se action brought by Gregory Miles ("Miles") against a packet of defendants has just come to this Court's calendar as the result of a permitted 28 U.S.C. §294(b) election by one of its fellow senior District Judges. Magistrate Judge Sidney Schenkier, to whom the case had been referred by that District Judge for several purposes, has just issued a report and recommendation dealing with some procedural issues. This memorandum opinion and order will instead address some other--and substantive--matters to which no attention has been paid during the five-month life of the litigation, but that may impact in a definitive way on Miles' ability to proceed here in the first instance.

To begin with, Miles asserts in his Complaint ¶10 the purported existence of federal subject matter jurisdiction on diversity of citizenship grounds. But the allegations in his Complaint ¶¶1-7 fail to establish such diversity as is required by 28 U.S.C. §1332, which calls for the identification of the

state or states of citizenship of every party to the action.[1] As Our Court of Appeals teaches in Cook v. Winfrey, 141 F.3d 322, 325 (7th Cir. 1998):

> It is axiomatic that a federal court must assure itself that it possesses jurisdiction over the subject matter of an action before it can proceed to take any action respecting the merits of the action. "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" Steel Co. v. Citizens for a Better Environment, 118 S.Ct. 1003, 1012 (quoting Mansfield C.& L.M.R. Co. v. Swan, 111 U.S. 379, 382).

Although Miles does then refer to some Civil Rights Act provisions in Complaint ¶10, perhaps as also bearing on the existence of jurisdiction, various of his other prolix filings disclose that the actions by defendants about which he is complaining occurred farther in the past (and in many instances much farther in the past) than the two-year period that is allowed for Illinois-based actions under those statutes. Indeed, although this need not be decided at the present time under the circumstances, those claims appear to be out of time in common law terms as well. And finally on the jurisdictional front, Miles is not aided by his unspecified Complaint ¶10 reference to the Fourth, Fifth and Fourteenth Amendments.

---

[1] Layman Miles misses the point entirely when he says in Complaint ¶10:

> The basis for subject matter jurisdiction is "Diversity of Citizenship of Parties" because the incident occurred in the City of Chicago, State of Illinois....

2

Moreover, at least two of Miles' targets (Chicago Police Department and Cook County Jail), and perhaps a third ("Cermak Medical Center"), are non-suable entities. Although that alone might not be grounds for dismissal of Miles' action, he should be aware of that deficiency if he were to try again.

That aside, what has been said earlier appears to call for the dismissal of this action for lack of subject matter jurisdiction or for untimeliness or both. Miles' attempted reliance on federal question jurisdictional grounds seems clearly dismissable on grounds of untimeliness, and as said earlier he has not established the existence of diversity jurisdiction against the suable defendants.

Although this Court is of course mindful of the generous reading of complaints generally (see, e.g., Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)) and of the particularly generous reading that must be afforded pleadings by pro se litigants (see Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)), the turgid allegations advanced by Miles to this point do not suffice to keep him in court. Accordingly, unless on or before July 15, 2002 Miles were to file an appropriate Amended Complaint (without any need to provide copies of any already-submitted exhibits) in this Court's chambers (with a copy of that Amended Complaint to be served on each defendant who or that has appeared of record), both the Complaint and this action will be

dismissed, but without prejudice to Miles' possible assertion in a state court of competent jurisdiction of any claims that he may legitimately have.[2]

_____
Milton I. Shadur
Senior United States District Judge

Date: June 24, 2002

---

[2] Any such dismissal would moot Judge Schenkier's report and recommendation, which was based on Miles' failure to have obtained proper service on defendants (with the potential exception of Boogie Night Club, which Judge Schenkier determined had waived any defect in service). In that respect, Fed. R. Civ. P. 4(m) would independently call for dismissal of unserved defendants on timeliness grounds unless this Court were to rule otherwise. That subject need not be addressed now (though it may be addressed later) because of the substantive predicates for potential dismissal dealt with in this opinion.

4