# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 427 | **DATE** | 7/16/2002 |
| **CASE TITLE** | Gregory Miles vs. WTMX Radio Network, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) **X** Status hearing] [set ] on 8/15/02 at 9 a.m.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Miles is ordered to file a supplement to the Amended Complaint on or before July 26, 2002. Miles' motions 15-1, 16-1, 18-1, 18-2, 19-1 and 19-2 are denied. For the reasons stated in Judge Schenkier's report and recommendation the defense motions to quash service (8-2) are granted and the alternative motions for dismissal (8-1) are denied. Because service has been quashed, Miles' motion for summary judgment or to strike are also denied. (14-1, 14-2) The time limit under Rule 4(m) is extended to August 9, 2002. Miles' response to defendant's motion for summary judgment (21-1) is to be filed on or before August 9, 2002.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 17 2002 | |
| | Notified counsel by telephone. | | date docketed | 35 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 JUL 16 PM 2:39 | 7/16/2002 date mailed notice | |
| SN | courtroom deputy's initials | FILED-ED Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GREGORY MILES,                    )
                                  )
            Plaintiff,            )
                                  )
       v.                         )     No. 02 C 427
                                  )
WTMX RADIO NETWORK, et al.,       )
                                  )
            Defendants.           )

MEMORANDUM OPINION AND ORDER

It is readily understandable why this Court's colleague Honorable Paul Plunkett exercised his senior judge prerogative under 28 U.S.C. §294(b) to extricate himself from this litigation. Gregory Miles ("Miles") has lodged a sprawling and really impenetrable lawsuit against a host of defendants that, despite two directives from this Court (its June 24, 2002 memorandum opinion and order and its follow up July 8 memorandum), has not begun to conform to the directive of Fed. R. Civ. P. ("Rule") 8(a)(emphasis added):

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) <u>a short and plain statement</u> of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) <u>a short and plain statement</u> of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Shortly before the issuance of this Court's first directive to Miles, Magistrate Judge Sidney Schenkier had issued a June 19,

2002 Report and Recommendation ("R and R") dealing with Miles' failure to have obtained proper service on any of the defendants. No one has filed objections to the R and R. But Miles' July 12 submission of a document that he has dated July 2 and that is captioned "The Plaintiff First Amended Complaint for Declaratory Judgment and Demand for Trial by a Jury" (referred to here for convenience as simply the "Amended Complaint") has rendered a portion of Magistrate Judge Schenkier's recommendations inappropriate, as specified in this memorandum opinion and order. It is now possible to dispense with the massive earlier underbrush and begin with a fresh start.

Here are the ground rules that will now apply to this litigation:

> 1. Miles' Amended Complaint supersedes all of his prior pleading submissions. Because it does not however contain the information as to <u>when</u> the various acts about which he complains took place[1]--information that is necessary to ascertain whether and to what extent Miles' claims may be unsustainable because barred by applicable statutes of limitations--Miles is ordered to file a supplement to the Amended Complaint in this Court's chambers

---

[1] For example, many of the Amended Complaint's paragraphs include the language "at all relevant times pertinent hereto," but not a single date is mentioned anywhere in any of Miles' allegations.

2

on or before July 26, 2002, identifying either the specific or the approximate date on which each of the events occurred.[2] If Miles fails to comply with this modest directive, both the Amended Complaint and this action will be dismissed by reason of his failure to comply with an appropriate court order.

2. Magistrate Judge Schenkier's R and R as to the Chicago Police Department and the Cook County Jail is approved, and Miles' motions as to those defendants (Dkt. Nos. 15-1, 19-1 and 19-2) are denied. Once again Miles should be aware, as this Court has pointed out earlier, that neither of those purported defendants is a suable legal entity.

3. Magistrate Judge Schenkier appears to be in error in stating R and R at 6) that no motion for default judgment or Rule 54(b) judgment has been filed by Miles against Cermak Medical Center. Because the same reasoning that underpins the R and R's other discussion applies with equal force to Cermak Medical Center, Miles' comparable motions against that putative defendant (Dkt. Nos. 16-1, 18-1 and 18-2) are also denied. It should again be noted that Cermak

---

[2] This is *not* an invitation for Miles to tender still another bulky set of documents. Instead his supplemental filing should simply refer to each paragraph of the Amended Complaint and state when the event or events adverted to there took place.

3

Medical Center may also not be a suable legal entity, and Miles should be attentive to that consideration in his future actions in this litigation.

4. For the reasons specified in the R and R, the defense motions to quash service (Dkt. No. 8-2) are granted, and the alternative motions for dismissal of Miles' original Complaint (Dkt. No. 8-1) are denied (though such motions have also been rendered moot by the filing of the Amended Complaint). Because service has been quashed, Miles' alternative motions for summary judgment or to strike defenses (Dkt. Nos. 14-1 and 14-2) are also denied.

5. With the period specified by Rule 4(m) having elapsed without Miles having accomplished proper service on any defendant, this Court sees no occasion to revive the Rule 4(d) procedure for waiver of service, as Magistrate Judge Schenkier has recommended. It is after all Miles' obligation to have brought defendants into this litigation by proper means, not defendants' obligation to act in the first instance. Accordingly the Rule 4(m) time limit for service by Miles is extended to August 9, 2002, thus giving him more than ample time to accomplish service pursuant to Rule 4(c), 4(e) and 4(h). As to any defendant not served by that date, this action will be dismissed pursuant to Rule 4(m).

6. With Mirrorball, Inc. (d/b/a and sued as "Boogie Nights") having waived any defect in service according to Magistrate Judge Schenkier, its Rule 56 motion for summary judgment filed on May 22, 2002 will stand as a motion directed at the Amended Complaint as well. Under the circumstances this Court sees no reason to require Miles to comply with the often burdensome provisions of LR 56.1. Instead Miles is ordered, also on or before August 9, 2002, to file in this Court's chambers a response to that motion and its accompanying Memorandum of Law and Affidavit. This Court is transmitting to Miles, together with a copy of this memorandum opinion and order, photocopies of the applicable provisions of Rule 56--and he should understand that any failure on his part to have provided an appropriate and timely response may result in the entry of a final judgment against him and in favor of that defendant.

7. All other defendants, if timely served, will have the period provided by law for them to answer or otherwise plead to the Amended Complaint.

This action is set for a status hearing at 9 a.m. August 15, 2002 to discuss the posture of all aspects of the case.

                                               _____
                                               Milton I. Shadur
                                               Senior United States District Judge

Date: July 16, 2002