# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 427 | **DATE** | 7/29/2002 |
| **CASE TITLE** | Gregory Miles vs. WTMX Radio Network, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. It is hoped that Miles will take heed of all of the things spelled out in this opinion in deciding whether or not to proceed in the face of the problems identified here.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 3 0 2002 | 38 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 7/29/2002 | |
| SN | courtroom deputy's initials | 02 JUL 29 PM 3:54 Date/time received in central Clerk's Office | date mailed notice SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GREGORY MILES, )
)
          Plaintiff, )
)
v. ) No. 02 C 427
)
WTMX RADIO NETWORK, et al., )
)
          Defendants. )

MEMORANDUM OPINION AND ORDER

It has proved nearly hopeless for this Court to try to communicate effectively with pro se litigant Gregory Miles ("Miles"), despite its best efforts to do so ever since it inherited this action from its colleague Honorable Paul Plunkett, who had exercised his senior judge prerogative under 28 U.S.C. §294(b) to extricate himself from this litigation (seemingly a wise decision under the circumstances). This Court's several attempts to bring some order out of Miles' bulky filings--its June 24, 2002 memorandum opinion and order, its follow-up July 8, 2002 memorandum and its July 16, 2002 memorandum opinion and order (the "Opinion") have until now generated nothing but more of the same on Miles' part.[1]

Now, however, Miles has tried again with a document captioned "The Plaintiff Supplemental First Amended Complaint for Declaratory Judgment and Demand for Trial by a Jury" (for

---

[1] Even though each of this Court's efforts has referred to the fact that Judge Plunkett is out of the case, Miles continues to list his name in each of his filings.

convenience referred to here simply as "Complaint"). That filing is plainly intended to respond to this unambiguous portion of the Opinion, which sets one of the "ground rules" for proceeding further:

> 1. Miles' Amended Complaint supersedes all of his prior pleading submissions. Because it does not however contain the information as to <u>when</u> the various acts about which he complains took place--information that is necessary to ascertain whether and to what extent Miles' claims may be unsustainable because barred by applicable statutes of limitations--Miles is ordered to file a supplement to the Amended Complaint in this Court's chambers on or before July 26, 2002, identifying either the specific or the approximate date on which each of the events occurred. If Miles fails to comply with this modest directive, both the Amended Complaint and this action will be dismissed by reason of his failure to comply with an appropriate court order.

Despite that directive, in large part the Complaint does nothing more than repeat the uninformative "at all relevant times pertinent hereto" language of Miles' earlier filings. But Miles has included <u>some</u> date references (June 22, 1999 in Complaint ¶¶15 and 20, December 8, 1999 through January 8, 2000 in Complaint ¶16, August 25, 1999 in Complaint ¶20, November 10 through November 13, 1999 in Complaint ¶23 and November 10, 1999 to January 8, 2000 in Complaint ¶24). And all of those references confirm that Miles' entire federal lawsuit is subject to dismissal on grounds of untimeliness.

Despite Miles' confusion as to the concepts that are involved in establishing federal subject matter jurisdiction and

2

in how those play out in relation to his claims (see Complaint ¶10), this Court has continued to view his pleading through the generous lens prescribed for the interpretation of pro se litigants' work, as taught by <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)(per curiam) and <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984). In that respect, although Complaint ¶10 speaks of diversity of citizenship in mistaken terms, and although Miles' allegations do not identify the states of citizenship of all of the parties (as any invocation of diversity jurisdiction requires), it seems at least possible that the requisite diversity may exist--and hence the ensuing discussion will proceed on that presently-hypothetical assumption.

To turn to the possibility of federal subject matter jurisdiction, the best that Miles could hope for is that the Complaint might fairly be read as advancing, against some (but certainly not all) of his targeted defendants, a claim or claims coming within the ambit of 42 U.S.C. §1983 ("Section 1983") or perhaps 42 U.S.C. §1985 ("Section 1985"). Again the following discussion will proceed on that assumption, the most favorable one to which Miles might be entitled.

Finally, as to the host of state law claims that make up the bulk of Miles' grievances (asserted defamation, which he terms "slander, libel," false imprisonment, malicious prosecution and battery causing personal injury), no problem would of course

3

exist in asserting such a state law claim against a defendant already in court to defend a federal question claim. But to the extent that those charges are advanced against any defendants who are not otherwise in court because federal-question claims are not made against them, another assumption favorable to Miles will be made: In that respect the Complaint will be viewed as though the supplemental jurisdiction provisions of 28 U.S.C. §1367(a) operate to keep those claims in the case for consideration.[2]

With all of that said, the point at which the actual analysis begins must be the date on which Miles first filed this action: January 17, 2002. At that time, as the earlier recital of specific dates taken from the Complaint confirms, more than two years had elapsed since the <u>latest</u> of those dates. And that means that not one of Miles' specified claims would survive the bar of the applicable statute of limitations:

> 1. As for any Section 1983 or Section 1985 claims, it has long been established that all such claims are viewed as asserting "personal injuries," thus bringing into play the borrowed two-year limitation period from the Illinois statute dealing with personal injury claims--735 ILCS 5/13-

---

[2] Before this opinion proceeds farther down the road, it should be emphasized that this Court is <u>not</u> making any actual findings in Miles' favor in accordance with the several assumptions identified here. Instead what has been said and will be said in this opinion is intended to alert Miles--if at all possible--as to the problems and risks he faces if he proceeds with the pursuit of any of his claims here.

202.

2. That same two-year statute of limitations in 735 ILCS 5/13-202 applies of course to any state law claims of personal injury, and that same section also establishes a two-year limitations period for any state law claims of false imprisonment or malicious prosecution.

3. Defamation claims under state law are subjected to an even shorter limitations period of a year by 735 ILCS 5/13-201.

What all this means, then, is that Miles cannot stay in court with his lawsuit against <u>any</u> of his targeted defendants unless one or more of them were to be foolish enough to ignore that problem of untimeliness. It is true that the statute of limitations is made an affirmative defense under Fed. R. Civ. P. ("Rule") 8(c), so that it would be inappropriate for this Court to dismiss this action sua sponte despite the inevitable doom that it appears to face. But under the circumstances (created not just by the limitations problems but also by Miles' bizarre and often unintelligible assertions that make up such a substantial part of his filings), this Court would have to consider the active pursuit of his present claims as "frivolous" in the legal sense defined in <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) and further refined in <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992), and hence as potentially sanctionable.

In part the Opinion also extended the Rule 4(m) time limit for Miles to serve defendants to August 9, 2002, and it concluded by setting a status hearing at 9 a.m. August 15 "to discuss the posture of all aspects of the case." It is hoped that Miles will take heed of all of the things spelled out in this opinion (which, though he may not recognize it, are really set out for his benefit) in deciding whether or not to proceed in the face of the problems identified here.

                                        _____
                                        Milton I. Shadur
                                        Senior United States District Judge

Date: July 29, 2002