
Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 427 | **DATE** | 9/17/2002 |
| **CASE TITLE** | Gregory Miles vs. WTMX Radio | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant Boogie Night Club's motion for summary judgment is granted. Joint Status Report does not need to be submitted and the status on 9/30/02 is stricken as to defendant Boogie Night Club only, status date of 9/30/02 to stand as to all other parties.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | SEP 1 8 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 51 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | CLERK | | |
| TH ✓ | courtroom deputy's initials | 02 SEP 17 PM 3:32 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY MILES, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:02-CV-00427 |
| | ) | |
| v. | ) | |
| | ) | |
| WTMX RADIO network, | ) | |
| DAVE FOGEL, an Individual, | ) | |
| BOOGIE NIGHT CLUB, a | ) | |
| dance establishment, CERMACK | ) | |
| MEDICAL CENTER Health Services, | ) | |
| CHICAGO POLICE DEPARTMENT | ) | |
| and COOK COUNTY JAIL, Chicago, | ) | |
| IL., | ) | |
| | ) | |
| Defendants. | ) | |

**DOCKETED**

SEP 1 8 2002

## MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff Gregory Miles filed a seven count complaint against six defendants: a radio station, a disc jockey, a dance club, a medical center, the Chicago Police Department, and the Cook County Jail. (R. 36-1, Supp. Am. Compl.) The Complaint contains various attempted allegations of defamation, assault, battery, racial discrimination, and violations of Miles' civil rights. Since initially filing his complaint, Miles has been unable to execute service on any of the defendants. (*See* R. 35-1, 7/16/02 Minute Order.) One defendant, Boogie Night Club ("Boogie Nights"), agreed to waive service. Now, Boogie Nights comes to this Court with a Motion for Summary Judgment. Miles has never responded to Boogie Nights' Motion.[1] For the reasons

---

[1] Boogie Nights provided Miles with a Notice to Pro Se Litigant Opposing Motion for Summary Judgment in accordance with Local Rule 56.2. Judge Shadur gave Miles until September 3, 2002 to file a response. Since Boogie Nights filed its Motion for Summary Judgment, Miles has filed two pleadings: (1) a "Combination Motion for Pending Review of

1



stated herein, this Court hereby grants Boogie Nights' Motion for Summary Judgment.

## BACKGROUND

Miles' Complaint provides a rambling account of various incidents that allegedly occurred at Boogie Nights as well as other locations. Miles is a resident of Detroit. (R. 36-1, Supp. Am. Compl. ¶ 1.) Defendant Boogie Nights is a dance club located in Schaumburg, Illinois. (*Id.* at ¶ 17.) According to Miles, Boogie Nights is "the hottest dance night club in the town." (*Id.*) Miles apparently believes that his dance skills were one of the reasons why the club was so popular. He alleges that he "became a regular male dancer at the Boogie Night Club" where he "mixed in with the younger people" and performed an original dance called "the Boo[g]ie Night Club break down." (*Id.* at ¶ 18.) Miles alleges that he became a club favorite because he had "very crazy dance moves not like a regular male dancer" and "had the gift of never getting tired of dancing." (*Id.* at ¶ 19.)

Mirrorball, Inc. is an Illinois corporation that does business as Boogie Nights in Schaumburg, Illinois. (R. 22-1, Def's Facts at 2.) At times, Boogie Nights contracted with WTMX Radio or its disc jockey Dave Fogel to have Fogel appear as a radio personality at the dance club. (*Id.* at ¶ 2-5.)

---

Recommendation or Orders and/or Combined Motion for Summary Disposition on Pleading or Finding by the Court" (R. 42-1.); and (2) a "Motion for Summary Disposition for a Reversal by Answer to Boogie Night Club Motion for Summary Judgment". (R. 48-1.) Neither of these pleadings are responsive to Boogie Nights' Motion for Summary Judgment. The former, raising an apparent jurisdictional argument, was denied by Judge Shadur. (R. 43-1, 8/15/02 Minute Order.) The latter contains no response to the arguments in Boogie Nights' Motion, other than a vague reference to a "guest statute." (*See* R. 48 at 2.) Illinois' guest statute has entirely no bearing, however, on any matter within Miles' Complaint or Boogie Nights' Motion. In fact, it is simply used to limit the liability of a defendant when a plaintiff is a guest in an automobile or on a motorcycle. *See* 625 ILCS 5/10-201 (2002).

## JURISDICTION

Plaintiff Miles is a Michigan resident. (R. 36-1, Supp. Am. Compl. ¶ 1.) Miles alleges that amount in controversy far exceeds the requisite $75,000. (*Id.* at 23.) Boogie Nights concedes a diversity of citizenship in its statement of undisputed facts, as each defendant resides or has its principal place of business in Illinois. (R. 22-1, Def's Facts at 2.) This Court, therefore, has subject matter jurisdiction over the controversy. *See* 28 U.S.C. 1332.

## MILES' ALLEGATIONS

The substance of the Complaint appears to begin with an incident that purportedly occurred on June 22, 1999. (R. 36-1, Supp. Am. Compl. ¶ 15.) Miles alleges that because of the Plaintiff's dancing skills, Dave Fogel made "false allegations" to the Chicago Police Department that Miles had assaulted Fogel. (*Id.* at ¶¶ 15, 19.) Due to Fogel's statements, Miles says he was placed in Cook County Jail for an undisclosed period of time. (*Id.* at ¶ 20.)

Once incarcerated, Miles alleges that the corrections officer injected him with "some unknown medication four times, and took blood from him by force." (R. 36-1, Supp. Am. Compl. ¶ 21.) That same corrections officer allegedly forced Miles into taking drugs "to cause mental illness." (*Id.* at ¶ 22.) As a result of these drugs, Miles claims that he was "told what to do by the other inmates." (*Id.*) Miles alleges that from November 10, 1999 through January 8, 2000, he was placed in Cermack Medical Center because he was believed to be mentally ill. (*Id.* at ¶ 23-24.) While there, Miles claims that he was "attacked by [a] mental patient" and suffered two black eyes. (*Id.* at ¶ 24.)

Boogie Nights, in response, offered uncontested evidence regarding its relationship with Fogel. Fogel occasionally performs at Boogie Nights as a live radio personality. (R. 22-1, Def's

3

Facts at ¶ 3-5.) Sometimes Boogie Nights contracts for his appearance through WTMX Radio. (*Id.* at ¶ 2-3.) Other times Boogie Nights reaches an agreement directly with Fogel. (*Id.* at ¶ 4-5.) Boogie Nights does not control the conduct of Fogel when he does make an appearance. (*Id.* at ¶ 8.) Boogie Nights did not lodge a complaint with the Chicago Police Department. (*Id.* at ¶ 9.)

## SUMMARY JUDGMENT STANDARD

*Pro se* submissions are to be liberally construed. *See Curtis v. Bembenek*, 48 F.3d 281, 283 (7th Cir. 1995). At the summary judgment stage, however, *pro se* litigants are held to the same legal standard as represented parties. *See, e.g., Kincaid v. Vail*, 969 F.2d 594, 600 (7th Cir. 1992). Boogie Nights, therefore, is entitled to summary judgment under Rule 56 if there is no genuine issue of material fact and it is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Unterreiner v. Volkswagen of Am., Inc.*, 8 F.3d 1206, 1209 (7th Cir. 1993). Once a moving party has met its burden, the nonmoving party must go beyond the pleadings and set forth specific facts showing that a genuine issue exists for trial. *See* Fed.R.Civ.P. 56(e); *Becker v. Tenenbaum-Hill Assoc., Inc.*, 914 F.2d 107, 110 (7th Cir. 1990). The court examines the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. *See Fisher v. Transco Services-Milwaukee, Inc.*, 979 F.2d 1239, 1242 (7th Cir. 1992). If the evidence is such that a reasonable jury could find for the nonmoving party, then a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Here, Miles has provided the Court with no facts to either rebut Boogie Nights' statement of uncontested facts or support his broad allegations.

## ANALYSIS

Miles' Complaint contains seven counts that are titled: (1) "Assault and Battery of Personal Injury Gross Negligence of Placement in Cermack Medical Service's Mental Ward;" (2) "Violation of Civil Rights Due to Unconstitutional Deprivation of Malicious Prosecution;" (3) "Racial Discrimination of a Male Dancer;" (4) "Nuisance of Tortious Interference with Relations of Extreme Infection in Emotional Distress and Humiliation;" (5) "Conspiracy of False Accusation of Assault Which Lead to Several Assaults and Battery Upon Plaintiff;" (6) "Violation of Constitutional Rights as Being Libel Mentally Ill & Placed in Cermack Medical Center Health Services Without Plaintiff's Consent;" (7) "Declaratory Judgment Against Chicago Police Department and Cook County Jail for False Charges." (R. 36-1, Supp. Am. Compl.¶¶ 26-55.) Boogie Nights' Motion for Summary Judgment does not attack Miles' substantive allegations but merely relies on the lack of connection between it and the alleged wrongdoing. An analysis of each count shows that Boogie Nights is entitled to summary judgment.

### I. Count I - "Assault and Battery of Personal Injury Gross Negligence of Placement in Cermack Medical Service's Mental Ward"

Count I seemingly attempts to allege a cause of action for assault and battery that supposedly occurred in Cook County Jail and Cermack Medical Center. Boogie Nights had neither a relation to those facilities nor a role in the circumstances that placed Miles there. It had nothing to do with Fogel's complaint submitted to the Chicago Police Department. No reasonable jury could find that Boogie Nights is responsible for the conduct that allegedly occurred at Cook County Jail or Cermack Medical Center. As a matter of law, Boogie Nights is

5

entitled to judgment as to Count I.

## II. Count II - "Violation of Civil Rights Due to Unconstitutional Deprivation of Malicious Prosecution"

Count II is unintelligible. As best as this Court can discern, Miles is trying to bring a cause of action under 42 U.S.C. § 1983, which states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory...subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suite in equity, or other proper proceeding for redress. *Id.*

Thus, relief under § 1983 is available to a plaintiff who can demonstrate that a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured either by the Constitution or by federal law. *Vasquez v. Hernandez*, 60 F.3d 325, 328 (7th Cir. 1995). A private litigant, such as Defendant Boogie Nights, can act under color of law if it "jointly engaged with state officials in the prohibited action." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970) (quoting *United States v. Price*, 383 U.S. 787, 794 (1966)). There is no allegation, let alone evidence, of such joint action between Boogie Nights and any state official. The uncontested facts clearly show that Boogie Nights had nothing to do with Miles' arrest, prosecution, or incarceration. Miles merely alleges that the arrest occurred because of Fogel's statement. No reasonable jury could conclude that Boogie Nights acted jointly with state officials in Miles' prosecution. As a matter of law, Boogie Nights is entitled to judgment as to Count II.

### III. Count III - "Racial Discrimination of a Male Dancer"

Miles has not stated a cause of action against Boogie Nights for any of the acts identified in Count III. Indeed, in his Complaint, Miles provides statutory citations – 28 U.S.C. §§ 12, 54, 57, and 60 – that do not exist. (R. 36-1, Supp. Am. Compl. at ¶ 37.) The substance of his claims here are also scrambled:

> [W]ith this underlying tort litigation lawsuit being the Federal Standard for Pleading Special Circumstance, so defined as looking to fine the findings of facts and conclusions of laws, of the causation of Racial Discrimination, the act or commission are without probable cause findings to falsely accuse Plaintiff of assault and battery against Defendants Dave Fogel, with in turn he filed this false complaint, to the Co-Defendant CHICAGO POLICE DEPARTMENT, to assume that Plaintiff was imbecile enough to determine that these Defendants had profile in 'Racial Discrimination of A Male Dancer. (*Id.*)

This Court cannot surmise what Boogie Nights has to do with Count III. Perhaps the only way to connect Boogie Nights to this claim is to argue that it is responsible for Fogel's allegedly defamatory statements. Even this argument would fail.

Boogie Nights cannot be vicariously liable for Fogel's alleged defamation. Fogel allegedly made the remarks on the radio and perhaps again at Boogie Nights' establishment. (*Id.* at ¶¶ 39, 46.) Even if he did utter the purportedly defamatory words while appearing at Boogie Nights, Fogel would have been an independent contractor under Illinois law. *See Connaghan v. Caplice*, 325 Ill.App.3d 245, 248-49, 259 Ill.Dec. 108, 112, 757 N.E.2d 971, 975 (2d Dist. 2001). Boogie Nights never censored, restricted, or controlled the conduct of Fogel. (R. 22-1, Def's Facts at ¶ 8.) It never ratified any of Fogel's alleged statements concerning Miles. (*Id.* at ¶ 7.) It never authorized Fogel to make any defamatory statement about Miles. (*Id.* at ¶ 6.) Miles does

not allege even that Fogel was acting in furtherance of Boogie Nights' business. Therefore, Boogie Nights cannot be responsible for his statements under Illinois law. *See Rice v. Nova Biomedical Corp.*, 38 F.3d 909, 913 (7th Cir. 1994). Even viewing the evidence in the light most favorable to Miles, there is no genuine dispute about any material fact involving Boogie Nights. Accordingly, as a matter of law, Boogie Nights is entitled to judgment as to Count III.

### IV. Counts IV and V - "Nuisance of Tortious Interference with Relations of Extreme Infection in Emotional Distress and Humiliation" and "Conspiracy of False Accusation of Assaults which Lead to Several Assaults & Battery Upon Plaintiff"

These counts restate Fogel's alleged false statement to the Chicago Police Department, Miles' arrest, and his assault while in custody. (R. 36-1, Supp. Am. Compl. ¶¶ 38-47.) This Court has already determined in Counts II and III that there is no genuine issue of material fact linking Boogie Nights to those statements or to Miles' arrest or incarceration. Boogie Nights is therefore entitled to judgment as a matter of law on Count IV and Count V.

### V. Counts VI and VII - "Violation of Constitutional Rights as Being Libel Mentally Ill and Placed in Cermack Medical Center Health Service's Without Plaintiff Consent" and "Declaratory Judgment Against Chicago Police Department and Cook County Jail for False Charges"

Without analyzing the merits of these counts, it is evident that they have nothing to do with Boogie Nights. Count VI appears to be an attempt to recover from Cermack Medical Center for allegedly holding and drugging him. (R. 36-1, Supp. Am. Compl. ¶ 49.) In Count VII, Miles seeks a declaration that the Chicago Police Department and Cook County Jail engaged in misconduct that was:

> egregious, arbitrary, insurmountable indifferent and intentional disregard of the interests of the Chicago Police Department and Cook County Jail corruption, dishonesty in abusing their authorities over and above the law, are in bad faith, conducting a

8

bad faith by racial profiling and race discrimination against black
minority male dancers. (*Id.* at ¶ 53.)

Neither Count VI nor VII bears any relation to Boogie Nights or makes any allegation regarding Boogie Nights. Summary judgment must be granted on these counts.

## CONCLUSION

This court is mindful that Miles is appearing *pro se*. It is still appropriate, however, to require him to "articulate, to some degree, the basis for his claim" against Boogie Nights. *Hossman v. Spradlin*, 812 F.2d 1019, 1022 (7th Cir. 1987). "Such facts are presumably best known" to the *pro se* plaintiff and "asking him to include them in his complaint, so as to survive a motion for summary judgment, is not too onerous a burden to require him to bear." *Id.* Miles has not met his burden. It is clear, given the undisputed facts of the case, that summary judgment as to all counts must be entered in favor of Defendant Boogie Nights.

DATED: September 17, 2002                                    ENTERED

*[signature]*
AMY J. ST. EVE
United States District Court Judge

9