Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 427 | **DATE** | 10/17/2002 |
| **CASE TITLE** | Gregory Miles vs. WTMX Radio, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' motions to dismiss the complaint and quash service are granted. All other pending motions are dismissed as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 4 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | OCT 18 2002 date docketed | 62 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 10/17/2002 date mailed notice | |
| TH courtroom deputy's initials | | Date/time received in central Clerk's Office | TH mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY MILES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 02 C 0427 |
| | ) | |
| v. | ) | |
| | ) | Judge Amy J. St. Eve |
| WTMX RADIO NETWORK, DAVE FOGEL, | ) | |
| BOOGIE NIGHT CLUB, CERMAK MEDICAL | ) | |
| CENTER, CHICAGO POLICE DEPARTMENT, | ) | |
| and COOK COUNTY JAIL, | ) | |
| | ) | |
| Defendants. | ) | |

**DOCKETED**
**OCT 1 8 2002**

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Gregory Miles has filed a complaint that has been referred to by this Court and by other presiding judges as "rambling," "scrambled," "sprawling," "impenetrable," and "turgid." Miles' subsequent briefs have been called "bizarre and often unintelligible." *Miles v. WTMX Radio Network*, No. 02 C 427, 2002 WL 1759802, at *2 (N.D. Ill. July 30, 2002). This judicial prose, as colorful as it is, unfortunately does not do justice to the truly eccentric nature and content of Miles' filings. The litigation, which did not even reach the discovery stage, has led to seven previously written opinions. Now, the Court dismisses Miles' action against Defendants' WTMX Radio, disc jockey Dave Fogel, Cermak Medical Center, Cook County Jail, and the Chicago Police Department for failure to effectuate proper service. Miles' inability to follow simple orders and rules, leaves this Court with no choice but to dismiss the action.

1



## BACKGROUND

*Pro se* Plaintiff Gregory Miles originally filed a complaint against the Chicago Police Department, WTMX Radio, Dave Fogel, Boogie Night Club, Cook County Jail, and Cermak Medical Center in the Eastern District of Michigan in June 2000. *See Miles v. Chicago Police Dep't*, No. 00-CV-72782-DT, 2000 WL 1279191, at *1 (E.D. Mich. Aug. 21, 2000). That court dismissed the case against all of the defendants for lack of personal jurisdiction. *Id.* The court did not address the defendants' other argument that Miles had not properly served them. *Id.* The Sixth Circuit affirmed the dismissal. *Miles v. WTMX Radio*, 15 Fed.Appx. 213 (6th Cir. 2001).

On January 17, 2002, Miles initiated the same lawsuit in this district. (R. 1-1, Compl.) As amended, his complaint contains various attempted allegations of defamation, assault, battery, racial discrimination, and violations of Miles' civil rights for conduct that allegedly occurred between June 22, 1999 and January 8, 2000. (R. 36-1, Supp. Am. Compl. ¶¶ 15, 16.) The case, which originally was assigned to Judge Plunkett's docket, was transferred first to Judge Shadur and later to this Court.

Since initially filing his complaint in this district, Miles has been unable to execute service on any of the defendants. *Miles v. WTMX Radio Network*, No. 02 C 427, 2002 WL 1613762, at *1-2 (N.D. Ill. July 17, 2002). One defendant, Boogie Night Club, agreed to waive service so it could dispose of the case through a summary judgment motion. This Court granted that motion. *See Miles v. WTMX Radio Network*, No. 02 C 427, 2002 WL 31103471 (N.D. Ill. Sept. 18, 2002). Defendants WTMX, Dave Fogel, Cermak Medical Center, and Cook County Jail have contested service ever since they became aware of the lawsuit. The Chicago Police Department has not yet appeared in this case and there is no indication that it is even aware of

this lawsuit.

This case was referred to Magistrate Judge Schenkier to sort out Miles' previous service attempts on June 7, 2002. (R. 27-1, Referral Order.) Substantially adopting a report and recommendation from Magistrate Judge Schenkier, Judge Shadur found that as of July 17, 2002, Miles had failed to properly serve any defendant.[1] Judge Shadur issued an order compelling Miles to adequately serve the defendants by August 9, 2002 or suffer dismissal of the action:

> With the period specified by Rule 4(m) having elapsed without Miles having accomplished proper service on *any* defendant, this Court sees no occasion to revive the Rule 4(d) procedure for waiver of service, as magistrate Judge Schenkier has recommended. It is after all Miles' obligation to have brought defendants into this litigation by proper means, not defendants' obligation to act in the first instance. Accordingly, the Rule 4(m) time limit for service by Miles is extended to August 9, 2002, thus giving him more than ample time to accomplish service pursuant to Rule 4(c), 4(e) and 4(h). As to any defendant *not* served by that date, this action will be dismissed pursuant to Rule 4(m).

*Miles*, 2002 WL 1613762, at *2. (emphasis in original).

Miles later filed returns of service that purported to show that Cook County Jail, WTMX Radio, Cermak Medical Center, Dave Fogel, and the Chicago Police Department had been served. (*See* R. 39-1; R. 39-2; R. 39-3; R. 40-1; R. 40-2.) Cook County Jail and Cermak

---

[1] Miles made a substantial misrepresentation to this Court regarding an opinion issued by Judge Shadur before the case was transferred. Miles claimed that Judge Shadur found service on the Defendants to be proper in an August 15, 2002 order. (R. 58-1, Oct. 3, 2002 Tr. at 3:16-4:15, 8:9-8:15.) Judge Shadur did not issue an opinion or an order on August 15. Judge Shadur's only previous opinion regarding service came on July 17, 2002. It clearly spelled out the deficiencies in service and the need for Miles to properly serve the Defendants. Miles posture as a *pro se* litigant "does not excuse his compliance with this District Court's General Rules or the Federal Rules of Civil Procedure." *See Hegwood v. Shepherd*, No. 85 C 8422, 1986 WL 9193, at *2 (N.D. Ill. Aug. 21, 1986) (denying plaintiff's motion because of the misrepresentations he made). Even unrepresented parties must be truthful with their submissions and arguments. Fed. R. Civ. P. 11.

Medical Center moved to quash service and dismiss the Complaint on August 20, 2002. WTMX Radio and Fogel filed a similar motion on September 24, 2002. (R. 54-1.) This Court finds that Miles has once again failed to properly serve the remaining defendants, and therefore dismisses the case pursuant to Judge Shadur's July 17 Order.

## ANALYSIS

Where defendants challenge the sufficiency of service, the plaintiff bears the burden of making a prima facie showing that service was proper. *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134 (5th Cir. 1980); *Chatman v. Condell Med. Ctr.*, No. 99 C 5603, 2002 WL 737051, at *2 (N.D. Ill. Apr. 22, 2002) (citations omitted). In making this determination, a court may consider evidence introduced by the parties. *Id.* Even if a plaintiff cannot show that service was proper, a court "shall extend the time for service for an appropriate period" if the plaintiff shows good cause for the failure to effect proper service. Fed. R. Civ. P. 4(m); *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 339 (7th Cir. 1996). A court may also use its discretion if no good cause is shown to allow the plaintiff additional time for service. *Henderson v. United States*, 517 U.S. 654, 662, 116 S.Ct. 1638, 1643, 134 L.Ed.2d. 880 (1996).

Although a court can use its discretion to expand the time for service, it cannot excuse the requirement of service altogether. *McMasters v. United States*, 260 F.3d 814, 817 (7th Cir. 2001). "Actual notice to the defendant is insufficient; the plaintiff must comply with the directives of Rule 4." *Id.* (citations omitted). Miles' *pro se* status also cannot excuse his need to comply with the procedural rules. *Id.* at 818.

This Court will address the specifics of Miles' purported attempts at service of process below. As will be seen, the movants gave the Court reason to believe that service had not only

4

been ineffective, but in some cases had not been attempted at all. Before going into that analysis, though, it is important to stress that Miles failed to carry his prima facie burden of showing that service was proper with any defendant. This Court questioned Miles on October 3, 2002 about his returns of service, which purported to show that process servers had provided copies of the complaint and summons to the defendants. Despite repeated questions trying to solicit answers regarding the identity of these process servers, Miles could provide no details about them except that they were "individuals over 18 years of age."

> THE COURT: Mr. Miles, who have you been using to serve the defendants?
>
> MILES: You know, it was on the back of the service form.
>
> THE COURT: Did you hire somebody to serve?
>
> MILES: Yes, I did.
>
> THE COURT: Who did you hire?
>
> MILES: It was individuals over 18 years of age.
>
> THE COURT: Were they friends of yours or –
>
> MILES: People who I knew through the Chicago – the area.
>
> THE COURT: Okay. How did you – who were they?
>
> MILES: I'll have to research that information. But they were people who I met, you know, and I asked them to serve these persons – parties – for me, and they cooperated with me to get them served.
>
> THE COURT: So, they were not professional process servers; is that correct?
>
> MILES: No. They were all over the age of 18.

5

\* \* \*

THE COURT: Who is Robert Carter?

MILES: That's one of the people who served the letter.

THE COURT: And is he a friend of yours?

MILES: He's somebody who I met when I was here.

THE COURT: Okay.

MILES: It's no – no – you know, none of these people are close friends of mine. They are individuals who are above the age of 18.

THE COURT: Where did you meet him?

MILES: As far as – in the Chicago area, downtown area.

THE COURT: Did you meet him socially or when you were here on your court appearance?

MILES: When I was here at that date. The judge ordered me to re-serve everybody and I re-served everybody. He gave me up until the 9th.

THE COURT: Okay. How did you find these individuals to serve.

MILES: Just looking about – needing somebody to help me get this work carried out.

THE COURT: Who is Jason Sutherland?

MILES: That's also another guy.

THE COURT: Did you pay these individuals to serve your complaint?

MILES: They were interested in – they were just trying to help me. I compensated them for going on a bus ride to carry them over here, and then we bought – I bought them lunch. But I didn't compensate them any kind of money for that service.

6

(R. 58-1, Oct. 3, 2002 Tr. at 2:20-3:19, 4:16-5:20.)

Miles' inability to provide any details about these individuals and the facts provided by the defendants show that either Miles was being duped or that he is attempting to dupe this Court. The returns of service that Miles filed also support this conclusion. "William Parparu," who purportedly served both WTMX Radio and Dave Fogel, lists his street address but not his city or zip code. (R. 39-2; R. 40-1.) "Jason Sutherland," who supposedly served the complaint on Cook County Jail, claims that his address is 241 W. 73rd Street, Downers Grove, Illinois 60610. (R. 39-1.) This street address is not listed in the United States Postal Service database for Downers Grove. *See* United States Postal Service, Zip Code Lookup, Zip+4 Code, *available at* http://www.usps.com/zip4/. Further, the zip code is assigned to the City of Chicago – not to Downers Grove. *See* United States Postal Service, Zip Code Lookup, All Zip Codes for a City/Town, *available at* http://www.usps.com/zip4/ citytown.htm. These deficiencies alone raise questions about Miles' prima facie burden of establishing proper service. It is clear, though, that these deficiencies only scrape the surface of an utter failure on Miles' part to adequately serve each defendant.

**I.      Service Was Not Effective On Any Defendant.**

**A.      WTMX Radio and Fogel were not Properly Served by Miles.**

"William Parparu" claims to have effectuated service on Miles's behalf by leaving the complaint and summons with Dale King at 2700 Prudential Plaza in Chicago on July 29, 2002.[2] WTMX Radio and Fogel argue that they were never provided with proper service.

---

[2] On October 17, 2002, Miles recanted his claim from October 3, 2002 that he observed Parpara serve the summons and complaint on King. Miles admitted that he stayed outside the Prudential Plaza while Parparu supposedly went up to the 27th floor to serve the Complaint.

When a plaintiff sues in federal court, he may effectuate service pursuant to the Federal Rules of Civil Procedure or the law of the state in which the court sits. *See* Fed. R. Civ. P. 4. For our purposes here, Illinois law is similar to the Federal Rules. *Compare* Fed. R. Civ. P. 4(h), *with* 735 ILCS 5/2-204; *compare* Fed. R. Civ. P. 4(e), *with* 735 ILCS 5/2-203. The Court will therefore only analyze service under the Federal Rules.

Federal Rule of Civil Procedure 4(h) governs service of a corporation. It allows service to be effectuated by:

> delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

Fed. R. Civ. P. 4(h)(1). Service of process upon an individual can be accomplished by:

> delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2). WTMX Radio and Fogel dispute that King was served at all and argue that even if she was served, she did not have the authority to accept service on their behalf.

Fogel and WTMX Radio provide evidence through affidavits that support their position. In one affidavit, King says that she is a receptionist with WTMX Radio, that she was never served with a complaint or summons, and that she does not have authority to accept service on behalf of WTMX Radio or Fogel. (R. 54-1, WTMX Radio and Fogel Mot. to Dismiss Am. Compl. and Quash Service, Ex. C ¶¶ 2-6.) In another affidavit, Fogel said that he never

authorized anyone to receive service on his behalf and that the complaint and summons were never left with anyone at this house or abode. (*Id.*, Ex. E ¶¶ 3-5.) Finally, WTMX Radio's station manager Barry James affirms that King does not have authority to receive service on WTMX Radio's behalf and states that no authorized agent or officer ever was served with the complaint and summons. (*Id.*, Ex. D ¶¶ 2-5.) Miles does not respond with any evidence disputing these assertions. This Court finds that Miles has failed to show that he served King at all, let alone that she was a proper representative of WTMX Radio or Fogel. Service was not effective on either of these defendants. Accordingly, pursuant to Judge Shadur's July 17, 2002 Order, WTMX Radio and Fogel are dismissed from this action.

### B. Cermak Medical Center and Cook County Jail were not Properly Served by Miles.

Under the Federal Rules of Civil Procedure, "[s]ervice upon a state, municipal corporation, or other governmental organization subject to suit, shall be effected by delivering a copy of summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant." Fed. R. Civ. P. 4(j)(2). Under Illinois law, service upon a governmental entity may be effectuated by leaving a copy "with the president or clerk or other officer corresponding thereto." 735 ILCS 5/2-211. In his June 20, 2002 Report and Recommendation, Magistrate Judge Schenkier explicitly informed Miles of these obligations for service. *Miles v. WTMX Radio Network*, No. 02 C 427, 2002 WL 1359398, at *2-7 (N.D. Ill. June 20, 2002). Judge Shadur later adopted those findings. *Miles*, 2002 WL 1613762 at *2. Miles has ignored both these judges and failed to properly serve Cermak Medical Center, Cook

9

County Jail, or the Chicago Police Department.

### 1. Miles' purported service on Cermak Medical Center was not effective.

"Robert Carter" claims to have served Cermak Medical Center July 29, 2002 by providing a copy of the summons and complaint to Janice Demitro at 2800 South California in Chicago. Demitro's title is listed on the return of service as "secretary." (R. 39-3.) As a secretary, she was not a proper representative to receive service on behalf of Cermak Medical Center. Miles has not met his prima facie burden of showing effective service on this defendant. Accordingly, pursuant to Judge Shadur's July 17, 2002 Order, Cermak Medical Center is dismissed from this action.

### 2. Miles' purported service on Cook County Jail was not effective.

"Jason Sutherland" supposedly served Cook County Jail by providing a copy of the complaint and summons to "V Roberts" at 2700 S. California in Chicago on July 29, 2002. Mr. Sutherland lists his address as 241 W. 73rd Street in Downers Grove, Illinois 60610. As indicated previously, this is an invalid address and zip code for Downers Grove. Such invalidity clouds the alleged service.

Even if the service took place as represented in the return of service, however, there is no indication that "V Roberts" is a proper person to receive service on behalf of Cook County Jail. Miles has not met his prima facie burden of showing effective service on this defendant. Accordingly, pursuant to Judge Shadur's July 17, 2002 Order, Cook County Jail is dismissed from this action.

### 3. Miles purported service on the Chicago Police Department was not effective

The return of service for the Chicago Police Department does not list what individual was provided with a copy of the summons and complaint. (R. 40-2.) It is not addressed to anyone in particular. (*Id.*) Miles has not subsequently provided this Court with that information. Without evidence that the complaint and summons were served on a CEO, president, officer, or clerk of the Chicago Police Department, Miles has not met his prima facie burden of showing effective service on this defendant. Accordingly, pursuant to Judge Shadur's July 17, 2002 Order, the Chicago Police Department is dismissed from this action.

## II. There Is No Good Cause Supporting An Allowance of More Time for Service.

"[A] plaintiff's attempts at service need to be '[a]t the very least . . . accompanied by some showing of reasonable diligence' before good cause must be found." *Bachenski v. Malnati*, 11 F.3d 1371, 1377 (7th Cir. 1993) (quoting *Tso v. Delaney*, 969 F.2d 373, 377 (7th Cir. 1992)). Miles has already been given leave to attempt service past the 120 day period allowed by the Federal Rules of Civil Procedure. Despite the efforts to give this *pro se* plaintiff every benefit of the doubt, Miles has not shown that he can follow simple instructions and rules. Neither this Court nor Judge Shadur has been able to effectively communicate with Miles. *See Miles*, 2002 WL 1759802, at *1. Judge Shadur has warned Miles that his complaint is laden with deficiencies that made pursuit of the claim borderline frivolous. *Id.* at *2. The significant problems with the complaint, together with Miles' continuing failure to effect proper service despite explicit instructions from Judge Shadur and Magistrate Judge Schenkier counsel against allowing futher time to effect service.

Specifically, Miles has not adequately pled that this Court has subject matter jurisdiction, despite multiple warnings from Judge Shadur. *Id.* at *1 (The complaint "speaks of diversity of citizenship in mistaken terms . . . [and] Miles' allegations do not identify the states of citizenship of all of the parties."); *Miles v. WTMX Radio Network*, No. 02 C 427, 2002 WL 1379123, at *1 (Miles "allegations in his Complaint . . . fail to establish such diversity as is required by 28 U.S.C. § 1332."). The requirement that a plaintiff prove that a Court has subject matter jurisdiction is "inflexible and without exception." *Cook v. Winfrey*, 141 F.3d 322, 325 (7th Cir. 1998).

Further, the statute of limitations, which the defendants would undoubtedly raise if this case were to proceed any further, would bar these claims. As Judge Shadur warned, "all of those [date] references confirm that Miles' entire federal lawsuit is subject to dismissal on grounds of untimeliness. *Miles*, 2002 WL 1759802, at *1. When Miles filed his lawsuit on January 17, 2002, "more than two years had elapsed since the *latest* of those dates. And that means that not one of Miles' specified claims would survive the bar of the applicable statute of limitations." *Id.* at *2.

Moreover, Miles has ignored warnings that he has named as defendants entities that cannot be sued such as the Chicago Police Department, Cook County Jail, and perhaps Cermak Medical Center. *See Miles*, 2002 WL 1613762, at *1-2; *Miles*, 2002 WL 1379123, at *1. Despite all of these admonitions, Miles has failed to amend his complaint in any meaningful way. Judge Shadur already cautioned Miles that, "Under the circumstances . . . this Court would have to consider the active pursuit of his present claims as 'frivolous' . . . and hence as potentially sanctionable." *Miles*, 2002 WL 1759802, at *2. This Court fully agrees with Judge Shadur's

assessment of Miles' complaint and therefore finds that there is no good reason to further extend the time for the plaintiff to effectuate service.

## CONCLUSION

"At some point, our solicitous treatment of *pro se* litigants must be trumped by our concern with the rights of Defendants to be free of scandalous, repetitive, and baseless claims that undoubtedly drain their financial and emotional resources." *Sato v. Kwansny*, No. 93 C 0037, 1993 WL 498339, at *10 (N.D. Ill. Nov. 5, 1993). Miles has been afforded many opportunities and second-chances that would not have been available to a represented party. His failure to follow simple rules and instructions in attempting to serve the defendants, along with his multiple misrepresentations give this Court no option but to dismiss his claims with prejudice. The defendants' motions to dismiss the complaint and quash service are granted. All other pending motions are dismissed as moot.

DATED: October 17, 2002

ENTERED

_____
AMY J. ST. EVE
United States District Court Judge